William M. Hogg (Cal. SBN 338196)
Michael A. Josephson* (Tex. SBN 24014780)
Andrew W. Dunlap* (Tex. SBN (24078444)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
whogg@mybackwages.com
mjosephson@mybackwages.com
adunlap@mybackwages.com

*Pro hac vice applications forthcoming*

**COUNSEL FOR HOLIFIELD
& THE HOURLY RECRUITERS**

Richard J. (Rex) Burch* (Tex. SBN 24001807)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDREA HOLIFIELD**, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**NEXUSCW, INC.**,<br><br>Defendant. | Case No. _____**'24CV0353 RBM MMP**_____<br><br>**ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Failure to Pay Overtime Under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*);<br>(2) Failure to Pay Overtime Under the New Jersey Wage and Hour Law (N.J.S.A. 34:11-56a, *et seq.*); and<br>(3) Failure to Pay Earned Wages Under the New Jersey Wage Payment Law (N.J.S.A. 34:11-4.1, *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

## SUMMARY

1. Andrea Holifield ("Holifield") brings this class and collective action to recover unpaid wages and other damages from NexusCW, Inc. ("NexusCW").

2. NexusCW employed Holifield as one of its Hourly Recruiters (defined below) in New Jersey.

3. NexusCW paid Holifield and its other Hourly Recruiters by the hour.

4. Holifield and the other Hourly Recruiters regularly worked more than 40 hours a week.

5. But NexusCW did not pay Holifield and its other Hourly Recruiters for all their hours worked.

6. Instead, NexusCW only paid Holifield and its other Hourly Recruiters for the overtime hours that NexusCW pre-approved.

7. If NexusCW did not pre-approve the overtime hours Holifield and the other Hourly Recruiters worked, NexusCW did not pay them for those "unapproved" overtime hours worked.

8. Due to the nature of the recruiting industry, however, Holifield and the other Hourly Recruiters were routinely forced to work "unapproved" overtime "off the clock" to complete their job duties and assignments.

9. But NexusCW did not pay Holifield and its other Hourly Recruiters for the "unapproved" overtime they worked "off the clock."

10. NexusCW's uniform overtime approval policy violates the Fair Labor Standards Act ("FLSA") by depriving Holifield and the other Hourly Recruiters of overtime wages for all hours worked over 40 in a workweek.

11. Likewise, NexusCW's uniform overtime approval policy violates the New Jersey Wage and Hour Law, as amended by the New Jersey Wage Theft Act, ("NJWHL") by depriving Holifield and the other Hourly Recruiters of overtime wages for all hours worked over 40 in a workweek.

12.    Finally, NexusCW's uniform overtime approval policy violates the New Jersey Wage Payment Law, as amended by the New Jersey Wage Theft Act, ("NJWPL") by depriving Holifield and the other Hourly Recruiters of earned wages for all hours worked.

## JURISDICTION & VENUE

13.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

14.    The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

15.    This Court has general personal jurisdiction over NexusCW because NexusCW is a domestic corporation.

16.    Venue is proper in this District because NexusCW is headquartered in San Diego, California, which is in this District. 28 U.S.C. § 1391(b)(1).

## PARTIES

17.    Holifield worked for NexusCW as a Recruiter from approximately January 9, 2023 until June 2, 2023.

18.    Throughout her employment, NexusCW classified Holifield as non-exempt and paid her on an hourly basis.

19.    Throughout her employment, NexusCW subjected Holifield to its uniform, illegal overtime approval policy.

20.    But throughout her employment, NexusCW required Holifield to work "unapproved" overtime "off the clock" (without pay) to complete her job duties and assignments.

21.    Holifield's written consent is attached as **Exhibit 1**.

22.    Holifield brings this class and collective action on behalf of herself and all other similarly situated NexusCW Recruiters who were subject to NexusCW's illegal

1  overtime approval policy.

2      23.    NexusCW required each of these Recruiters to obtain management pre-

3  approval to work overtime.

4      24.    But each of these Recruiters were regularly forced to work "unapproved"

5  overtime "off the clock" (without pay) to complete their job duties and assignments.

6      25.    Thus, NexusCW uniformly failed to pay these Recruiters overtime wages for

7  all overtime hours worked in willful violation of the FLSA and NJWHL.

8      26.    Likewise, NexusCW uniformly withheld earned wages from these Recruiters

9  in willful violation of the NJWPL.

10     27.    The FLSA Collective of similarly situated employees is defined as:

11         **All hourly Recruiters who were subject to NexusCW's**
           **overtime approval policy at any time during the past 3**
12         **years (the "FLSA Collective Members").**

13     28.    Holifield also seeks to represent a class under the NJWHL and NJWPL

14  pursuant to FED. R. CIV. P. 23.

15     29.    The New Jersey Class of similarly situated employees is defined as:

16         **All hourly Recruiters in New Jersey who were subject to**
           **NexusCW's overtime approval policy at any time**
17         **during the 6 years prior to Holifield filing her Original**
           **Complaint until final resolution of this Action (the**
18         **"New Jersey Class Members").**

19     30.    The FLSA Collective Members and New Jersey Class Members are

20  collectively referred to as the "Hourly Recruiters."

21     31.    NexusCW is a California corporation registered to do business in California.

22     32.    NexusCW's headquarters and principal place of business is in San Diego,

23  California.

24     33.    NexusCW can be served through its registered agent: **Genti Sava, 4901**

25  **Morena Boulevard, Suite 122, San Diego, California 92117**.

26  / / /

27  / / /

28

**FLSA COVERAGE**

34.    At all relevant times, NexusCW was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35.    At all relevant times, NexusCW was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

36.    At all relevant times, NexusCW was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, pens, paper, etc.—that have been moved in or produced for commerce.

37.    At all relevant times, NexusCW has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

38.    At all relevant times, Holifield and the other Hourly Recruiters were NexusCW's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

39.    At all relevant times, Holifield and the other Hourly Recruiters were engaged in commerce or in the production of goods for commerce.

40.    NexusCW uniformly required Holifield and its other Hourly Recruiters to obtain written pre-approval to work (and be paid for) overtime.

41.    And NexusCW uniformly refused to pay Holifield and its other Hourly Recruiters for any "unapproved" overtime hours they worked.

42.    NexusCW applied its illegal overtime approval policy to the Hourly Recruiters regardless of any alleged individualized factors, such as specific job title or precise geographic location.

43.    By failing to pay Holifield and the other Hourly Recruiters for the "unapproved" overtime hours they worked "off the clock," NexusCW violated (and

continues to violate) the FLSA's requirement that it pay employees overtime wages for all hours worked after 40 in a workweek.

44.    NexusCW's uniform overtime approval policy therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

FACTS

45.    NexusCW is a staffing agency that "manage[s] [] contingent workers, including recruiting, payrolling, and HR partnership[.]"[1]

46.    To meet its business objectives, NexusCW hires Recruiters, like Holifield and the other Hourly Recruiters, who it "staffs" to its clients across the country, including in New Jersey.

47.    While exact job titles and precise job duties may differ, these employees are subjected to the same or similar policy—NexusCW's illegal overtime approval policy—for similar work.

48.    For example, Holifield worked for NexusCW as a Recruiter staffed to NexusCW's client, SunRun, from approximately January 9, 2023 until June 2, 2023.

49.    As a Recruiter, Holifield's primary responsibilities included posting available jobs online, calling and emailing potential candidates, preparing profiles on these workers, screening candidates' qualifications, preparing candidates for interviews, and placing them in available positions with NexusCW's client, SunRun.

50.    Holifield was NexusCW's hourly employee.

51.    Specifically, NexusCW paid Holifield $37.50 an hour:

Hourly rate: $37.50
Status: Hourly

52.    Holifield reported her hours worked to NexusCW.

---

[1] https://www.nexuscw.com/ (last visited February 14, 2024).

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT & JURY DEMAND
*Holifield v. NexusCW, Inc.*

53.    But Holifield regularly worked more than 40 hours a week while employed by NexusCW.

54.    Indeed, each workweek throughout her employment, Holifield worked 10 to 12 hours a day for 5 to 6 days a week (or 50 to 72 hours a week).

55.    But NexusCW did not pay Holifield for all her hours worked.

56.    Instead, NexusCW subjected Holifield to its uniform, illegal overtime approval policy.

57.    Specifically, NexusCW required Holifield to obtain advanced written approval to work (and be paid for) overtime:

> ● Overtime: Advance written approval, obtained from management prior to working overtime. If overtime is worked and you fail to acquire prior approval, disciplinary measures could be taken.

58.    If Holifield did not obtain NexusCW's advanced written approval to work overtime, NexusCW would not pay her for any "unapproved" overtime hours she worked "off the clock."

59.    In other words, NexusCW instructed and required Holifield to only record up to 40 hours worked on her timesheets.

60.    If Holifield recorded that she worked "unapproved" overtime hours, NexusCW would not approve her timesheets.

61.    In fact, when Holifield recorded that she worked "unapproved" overtime hours, NexusCW reprimanded her and again instructed her not to record more than 40 hours worked in a week on her timesheets.

62.    But in order to complete her assignments and heavy workload, Holifield was regularly forced to work "unapproved" overtime "off the clock."

63.    Specifically, Holifield was regularly forced to perform her regular recruiting duties—taking/making calls to potential employees, preparing worker profiles, and scheduling interviews—"off the clock" and without pay to complete her heavy workload

1  in accordance with NexusCW's (and its client's) policies, procedures, and expectations.

2  64.    Indeed, Holifield could not complete her heavy workload *without* working
3  more than 40 hours in a week.

4  65.    In other words, the "unapproved" overtime Holifield worked was a
5  fundamental aspect of her job as a Recruiter.

6  66.    And the "unapproved" overtime Holifield worked was undertaken for
7  NexusCW's (and its client's)—not Holifield's—predominant benefit.

8  67.    Despite accepting the benefits, under its uniform, illegal overtime approval
9  policy, NexusCW did not pay Holifield for her "unapproved" overtime hours worked.

10  68.    But NexusCW refused to ever provide Holifield the required written pre-
11  approval to work overtime despite her repeated attempts to obtain the same.

12  69.    Thus, as a result of its uniform, illegal overtime approval policy, NexusCW
13  did not pay Holifield overtime wages for all overtime hours worked in willful violation of
14  the FLSA and NJWHL.

15  70.    Likewise, as a result of its uniform, illegal overtime approval policy,
16  NexusCW withheld earned wages from Holifield for the "unapproved" overtime hours she
17  worked in willful violation of the NJWPL.

18  71.    NexusCW subjects its other Hourly Recruiters to the same policies it imposed
19  on Holifield.

20  72.    Just as with Holifield, NexusCW pays its other Hourly Recruiters on an
21  hourly basis.

22  73.    And just as with Holifield, NexusCW requires its other Hourly Recruiters to
23  report their hours worked to NexusCW for approval.

24  74.    Every Hourly Recruiter worked more than 40 hours in at least one workweek
25  during the relevant period(s).

26  75.    Despite knowing its Hourly Recruiters regularly work overtime, NexusCW
27  does not pay them overtime wages.

28

76. Indeed, NexusCW subjects its other Hourly Recruiters to the same illegal overtime approval policy it imposed on Holifield.

77. Specifically, NexusCW requires its Hourly Recruiters (like Holifield) to obtain NexusCW's written pre-approval to work overtime.

78. But just as with Holifield, NexusCW refuses to provide its other Hourly Recruiters the required pre-approval to work overtime.

79. Instead, just as with Holifield, NexusCW requires and instructs its other Hourly Recruiters to only record they worked up to 40 hours a week on their timesheets.

80. Just as with Holifield, if the other Hourly Recruiters record that they worked more than 40 hours in a week, NexusCW will not approve their timesheets.

81. Instead, just as with Holifield, if the other Hourly Recruiters record that they worked more than 40 hours in a week, NexusCW will reprimand and discipline them.

82. Thus, like Holifield, the other Hourly Recruiters are forced to regularly work "unapproved" overtime "off the clock" and without pay.

83. The "unapproved" overtime Holifield and the other Hourly Recruiters perform "off the clock" is similar if not the same.

84. Specifically, like Holifield, the other Hourly Recruiters are forced to perform their regular recruiting duties— taking/making calls to potential employees, preparing worker profiles, and scheduling interviews—"off the clock" and without pay to complete their assignments and heavy workloads.

85. NexusCW controls the "unapproved" overtime Holifield and the other Hourly Recruiters work "off the clock," and such "unapproved" overtime is undertaken primarily for the benefit of NexusCW's business of providing contingent workforce management services to its clients.

86. Further, the "unapproved" overtime Holifield and the other Hourly Recruiters work "off the clock" is necessary to the principal work they perform as NexusCW Recruiters.

87. Indeed, Holifield and the other Hourly Recruiters cannot provide recruiting services to NexusCW and its clients unless they work "unapproved" overtime "off the clock."

88. In other words, Holifield's and the other Hourly Recruiters' "unapproved" overtime is a fundamental requirement of their jobs as NexusCW Recruiters.

89. Indeed, NexusCW could not eliminate this "unapproved" overtime altogether without impairing Holifield's and the other Hourly Recruiters' ability to perform their recruiting services for NexusCW and its clients.

90. Rather, this "unapproved" overtime is integral and indispensable to Holifield's and the other Hourly Recruiters' jobs as NexusCW Recruiters.

91. Thus, Holifield and the other Hourly Recruiters routinely work "unapproved" overtime "off the clock" for NexusCW's—not their own—predominant benefit.

92. And NexusCW knows Holifield and its other Hourly Recruiters work "unapproved" overtime "off the clock."

93. Indeed, Holifield and the other Hourly Recruiters repeatedly complained to NexusCW's management, HR, and/or their supervisors about being forced to work "unapproved" overtime "off the clock" without pay to complete their assignments and heavy workloads.

94. And Holifield's and the other Hourly Recruiters' attempts to obtain NexusCW's required written pre-approval to work overtime were unsuccessful.

95. NexusCW fails to exercise its duty as Holifield's and the other Hourly Recruiters' employer to ensure they are not working "unapproved" overtime "off the clock" that NexusCW does not want performed.

96. Thus, NexusCW requested, suffered, permitted, or allowed Holifield and its other Hourly Recruiters to work "unapproved" overtime "off the clock."

97. Despite accepting the benefits, NexusCW does not pay Holifield and its other

1   Hourly Recruiters for the "unapproved" overtime they routinely work "off the clock."

2      98.    Thus, under NexusCW's illegal overtime approval policy, NexusCW deprives

3   Holifield and its other Hourly Recruiters of overtime pay for all hours worked over 40 in

4   a workweek, including any "unapproved" overtime hours worked "off the clock," in willful

5   violation of the FLSA and NJWHL.

6      99.    Likewise, under its illegal overtime approval policy, NexusCW withholds

7   earned wages from Holifield and its other Hourly Recruiters for the "unapproved"

8   overtime they routinely work "off the clock" in willful violation of the NJWPL.

9                  **CLASS & COLLECTIVE ACTION ALLEGATIONS**

10     100.   Holifield incorporates all other paragraphs by reference.

11     101.   Like Holifield, the other Hourly Recruiters are uniformly victimized by

12   NexusCW's uniform, illegal overtime approval policy.

13     102.   Other Hourly Recruiters worked with Holifield and indicated they were paid

14   in the same manner, performed similar work, and were subject to NexusCW's same illegal

15   overtime approval policy.

16     103.   Based on her experience with NexusCW, Holifield is aware NexusCW's illegal

17   overtime approval policy was imposed on the other Hourly Recruiters.

18     104.   The Hourly Recruiters are similarly situated in the most relevant respects.

19     105.   Even if their precise job duties and locations might vary, these differences do

20   not matter for the purposes of determining their entitlement to overtime pay for all

21   overtime hours worked.

22     106.   Rather, NexusCW's uniform overtime approval policy renders Holifield and

23   the other Hourly Recruiters similarly situated for the purposes of determining their right

24   to overtime pay for all overtime hours worked.

25     107.   Therefore, the specific job titles or precise job locations of the various Hourly

26   Recruiters do not prevent class or collective treatment.

27     108.   NexusCW's records reflect the number of hours the Hourly Recruiters

28

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT & JURY DEMAND
*Holifield v. NexusCW, Inc.*

1   recorded they worked each week.

2       109.   NexusCW's records also show the number of hours the Hourly Recruiters

3   *actually* worked each week.

4       110.   The back wages owed to Holifield and the other Hourly Recruiters can

5   therefore be calculated using the same formula applied to the same records.

6       111.   Even if the issue of damages were somewhat individual in character, the

7   damages can be calculated by reference to NexusCW's records, and there is no detraction

8   from the common nucleus of liability facts.

9       112.   Therefore, the issue of damages does not preclude class or collective

10   treatment.

11       113.   Holifield's experiences are therefore typical of the experiences of the other

12   Hourly Recruiters.

13       114.   Holifield has no interest contrary to, or in conflict with, the Hourly Recruiters

14   that would prevent class or collective treatment.

15       115.   Like each Hourly Recruiter, Holifield has an interest in obtaining the unpaid

16   wages owed under federal and New Jersey law.

17       116.   Holifield and her counsel will fairly and adequately protect the interests of the

18   Hourly Recruiters.

19       117.   Indeed, Holifield retained counsel with significant experience in handling

20   complex class and collective actions.

21       118.   A class and collective action is superior to other available means for fair and

22   efficient adjudication of this lawsuit.

23       119.   Absent this class and collective action, many Hourly Recruiters will not obtain

24   redress for their injuries, and NexusCW will reap the unjust benefits of violating the FLSA

25   and New Jersey wage laws.

26       120.   Further, even if some of the Hourly Recruiters could afford individual

27   litigation, it would be unduly burdensome to the judicial system.

28

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT & JURY DEMAND
*Holifield v. NexusCW, Inc.*

1    121.    Indeed, the multiplicity of actions would create a hardship to the Hourly
2    Recruiters, the Court, and NexusCW.

3    122.    Conversely, concentrating the litigation in one forum will promote judicial
4    economy and consistency, as well as parity among the Hourly Recruiters' claims.

5    123.    The questions of law and fact that are common to each Hourly Recruiter
6    predominate over any questions affecting solely the individual members.

7    124.    Among the common questions of law and fact are:

8             a.    Whether NexusCW engaged in a policy and practice of
9                   requiring its Hourly Recruiters to obtain NexusCW's written
10                  pre-approval to be paid for any overtime hours worked;

11            b.    Whether NexusCW engaged in a policy and practice of
12                  failing to pay its Hourly Recruiters for any "unapproved"
13                  overtime hours worked "off the clock";

14            c.    Whether NexusCW knew, or had reason to know, it
15                  requested, suffered, permitted, or allowed the Hourly
16                  Recruiters to work "unapproved" overtime "off the clock";

17            d.    Whether NexusCW failed to pay its Hourly Recruiters
18                  overtime wages for all overtime hours worked, including
19                  those "unapproved" overtime hours worked "off the clock,"
20                  in violation of the FLSA and NJWHL;

21            e.    Whether NexusCW withheld earned wages from its Hourly
22                  Recruiters for the "unapproved" overtime hours they
23                  worked "off the clock" in violation of the NJWPL;

24            f.    Whether NexusCW's decision not to pay its Hourly
25                  Recruiters overtime wages for the "unapproved" overtime
26                  hours they worked "off the clock" was made in good faith;

27            g.    Whether NexusCW's decision to withhold earned wages
28

-12-
ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT & JURY DEMAND
*Holifield v. NexusCW, Inc.*

1    from its Hourly Recruiters for the "unapproved" overtime

2    they worked "off the clock" was made in good faith; and

3    h.    Whether NexusCW's violations were willful.

4    125.    Holifield knows of no difficulty that will be encountered in the management

5    of this litigation that would preclude its ability to go forward as a class and collective action.

6    126.    As part of its regular business practices, NexusCW intentionally, willfully, and

7    repeatedly violated the FLSA and New Jersey wage laws with respect to Holifield and the

8    other Hourly Recruiters.

9    127.    NexusCW's illegal overtime approval policy deprived Holifield and the other

10    Hourly Recruiters of the earned overtime wages they are owed under federal and New

11    Jersey law.

12    128.    There are many similarly situated Hourly Recruiters who have been denied

13    overtime pay in violation of the FLSA who would benefit from the issuance of a court-

14    supervised notice of this lawsuit and the opportunity to join it.

15    129.    The Hourly Recruiters are known to NexusCW, are readily identifiable, and

16    can be located through NexusCW's business and personnel records.

17    **NEXUSCW'S WAGE VIOLATIONS WERE WILLFUL AND/OR DONE
IN RECKLESS DISREGARD OF THE FLSA AND NEW JERSY WAGE LAWS**

18    130.    Holifield incorporates all other paragraphs by reference.

19    131.    NexusCW knew it was subject to the FLSA's overtime provisions.

20    132.    NexusCW knew the FLSA required it to pay non-exempt employees,

21    including Holifield and the other Hourly Recruiters, overtime wages at rates not less than

22    1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

23    133.    NexusCW knew it was subject to the NJWHL's overtime provisions.

24    134.    NexusCW knew the NJWHL required it to pay non-exempt employees,

25    including Holifield and the other Hourly Recruiters, overtime wages at rates not less than

26    1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

27

28

135. NexusCW knew Holifield and each Hourly Recruiter worked more than 40 hours in at least one workweek during relevant period(s).

136. NexusCW knew Holifield and the other Hourly Recruiters were its hourly employees.

137. NexusCW knew it paid Holifield and its other Hourly Recruiters on an hourly basis.

138. NexusCW knew it was subject to the NJWPL.

139. NexusCW knew the NJWPL prohibited it from withholding any earned wages from its employees, including Holifield and the other Hourly Recruiters.

140. NexusCW knew the FLSA, NJWHL, and NJWPL required it to pay employees, including Holifield and the other Hourly Recruiters, for all hours they performed compensable work.

141. NexusCW knew that, as Holifield's and the other Hourly Recruiters' employer, it had a duty to ensure these employees were not performing work "off the clock" that NexusCW did not want performed.

142. NexusCW knew it prohibited Holifield and the other Hourly Recruiters from recording they worked any overtime hours that they had not obtained NexusCW's written pre-approval to work.

143. NexusCW knew it did not provide Holifield and the other Hourly Recruiters with the required written pre-approval to work overtime.

144. NexusCW knew it instructed Holifield and the other Hourly Recruiters to only record they worked up to 40 hours in a week, regardless of whether they worked more.

145. NexusCW knew Holifield and the other Hourly Recruiters regularly worked "unapproved" overtime "off the clock."

146. Indeed, Holifield and the other Hourly Recruiters complained to NexusCW's management, HR, and/or their supervisors about being forced to work "unapproved" overtime "off the clock" to complete their assignments and heavy workloads.

147.    NexusCW knew Holifield and the other Hourly Recruiters worked "unapproved" overtime "off the clock" for NexusCW's—not their own—predominant benefit.

148.    NexusCW knew it requested, suffered, permitted, or allowed Holifield and its other Hourly Recruiters to work "unapproved" overtime "off the clock."

149.    Nonetheless, NexusCW did not pay Holifield and the other Hourly Recruiters for any "unapproved" overtime hours they worked.

150.    Thus, NexusCW knew, should have known, or recklessly disregarded whether it failed to pay Holifield and its other Hourly Recruiters for all the hours they performed compensable work.

151.    NexusCW's decision to prohibit Holifield and the other Hourly Recruiters from recording any "unapproved" overtime hours they worked was neither reasonable, nor was it made in good faith.

152.    NexusCW's decision not to pay Holifield and the other Hourly Recruiters for any "unapproved" overtime hours they worked was neither reasonable, nor was it made in good faith.

153.    NexusCW's decision to withhold earned wages from Holifield and the other Hourly Recruiters for any "unapproved" overtime hours they worked was neither reasonable, nor was it made in good faith.

154.    NexusCW knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA and New Jersey wage laws.

155.    NexusCW knowingly, willfully, and/or in reckless disregard carried out its illegal overtime approval policy that deprived Holifield and the other Hourly Recruiters of earned wages and overtime wages for all hours worked in violation of the FLSA and New Jersey wage laws.

/ / /

## COUNT I

### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (FLSA COLLECTIVE)

156.    Holifield incorporates all other paragraphs by reference.

157.    Holifield brings her FLSA claims as a collective action on behalf of herself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

158.    NexusCW violated, and is violating, the FLSA by employing non-exempt employees (Holifield and the other FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all the hours they worked after 40 in a workweek, including any "unapproved" overtime hours they worked "off the clock."

159.    NexusCW's unlawful conduct harmed Holifield and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

160.    Accordingly, NexusCW owes Holifield and the other FLSA Collective Members the difference between the wages actually paid and the proper overtime wages actually earned.

161.    Because NexusCW knew, or showed reckless disregard for whether, its overtime approval policy violated the FLSA, NexusCW owes these wages for at least the past 3 years.

162.    NexusCW is also liable to Holifield and the other FLSA Collective Members for an additional amount equal to all their unpaid wages as liquidated damages.

163.    Finally, Holifield and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT II

### FAILURE TO PAY OVERTIME WAGES UNDER THE NJWHL
### (NEW JERSEY CLASS)

164.    Holifield incorporates all other paragraphs by reference.

165.    Holifield brings her NJWHL claim on behalf of herself and the other New Jersey Class Members pursuant to FED. R. CIV. P. 23.

166.    NexusCW's conduct violates the NJWHL (N.J.S.A. 34:11-56a, *et seq.*).

167.    At all relevant times, NexusCW was subject to the NJWHL because NexusCW was (and is) an "employer" within the meaning of the NJWHL. N.J.S.A. 34:11-56a1(g).

168.    At all relevant times, NexusCW employed Holifield and the other New Jersey Class Members as its covered "employees" within the meaning of the NJWHL. N.J.S.A. 34:11-56a1(f) and (h).

169.    The NJWHL requires employers, like NexusCW, to pay non-exempt employees, including Holifield and the other New Jersey Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. N.J.S.A. 34:11-56a4(b).

170.    Holifield and the other New Jersey Class Members are entitled to overtime wages under the NJWHL.

171.    NexusCW violated, and is violating, the NJWHL by employing non-exempt employees (Holifield and the other New Jersey Class Members) for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek, including any "unapproved" overtime hours they worked "off the clock." *See* N.J.S.A. 34:11-56a4(b).

172.    NexusCW's unlawful conduct harmed Holifield and the New Jersey Class Members by depriving them of the overtime wages they are owed.

173.    Accordingly, NexusCW owes Holifield and the other New Jersey Class Members the difference between the overtime actually paid and the overtime pay actually earned, which to-date, remains outstanding. *See* N.J.S.A. 34:11-56a25.

174.    In violating the NJWHL, NexusCW acted willfully, without a good faith basis, and with reckless disregard of clearly applicable New Jersey law.

175.    Thus, NexusCW is also liable to Holifield and the other New Jersey Class Members for an additional amount equal to 200% of their unpaid wages as liquidated damages. *See* N.J.S.A. 34:11-56a25.

176.    Finally, Holifield and the other New Jersey Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action. *See* N.J.S.A. 34:11-56a25.

<u>COUNT III</u>

FAILURE TO PAY EARNED WAGES UNDER THE NJWPL
(NEW JERSEY CLASS)

177.    Holifield incorporates all other paragraphs by reference.

178.    Holifield brings her NJWPL claim on behalf of herself and the other New Jersey Class Members pursuant to FED. R. CIV. P. 23.

179.    NexusCW's conduct violates the NJWPL (N.J.S.A. 34:11-4.1, *et seq.*).

180.    At all relevant times, NexusCW was subject to the NJWPL because NexusCW was (and is) an "employer" within the meaning of the NJWPL. N.J.S.A. 34:11-4.1(a).

181.    At all relevant times, NexusCW employed Holifield and the other New Jersey Class Members as its covered "employees" within the meaning of the NJWPL. N.J.S.A. 34:11-4.1(b).

182.    During the course of their employment, NexusCW agreed to pay Holifield and each New Jersey Class Member set hourly rates of pay for their hours worked up to 40 in a workweek plus set overtime rates for their hours worked over 40 in a workweek.

183.    Holifield and each New Jersey Class Member accepted NexusCW's offer.

184.    Holifield's and the New Jersey Class Members' agreed pay rates are therefore "wages" within the meaning of the NJWPL. N.J.S.A. 34:11-4.1(c).

185.    The NJWPL requires employers, like NexusCW, to pay employees, including Holifield and the other Hourly Recruiters, "the full amount of wages due" to these

1  employees for all the time they work at the rate(s) agreed to by the parties on their
2  established and regular paydays. N.J.S.A. 34:11-4.2.

3      186.    NexusCW violated, and is violating, the NJWPL by knowingly failing to pay
4  Holifield and the other Hourly Recruiters the full amount of wages these employees
5  earned (at their agreed rates) for all the hours of work they performed, including any
6  "unapproved" overtime hours they worked "off the clock." *See* N.J.S.A. 34:11-4.2.

7      187.    Holifield and the other New Jersey Class Members did not authorize
8  NexusCW to withhold these unpaid earned wages.

9      188.    Holifield's and the other New Jersey Class Members' earned wages have
10 remained unpaid for more than 30 days.

11     189.    NexusCW's unlawful conduct harmed Holifield and the other New Jersey
12 Class Members by depriving them of the earned wages they are owed.

13     190.    Accordingly, Holifield and the other New Jersey Class Members are entitled
14 to recover their unpaid earned wages. *See* N.J.S.A. 34:11-4.10(c).

15     191.    In violating the NJWPL, NexusCW acted willfully, without a good faith
16 basis, and with reckless disregard of clearly applicable New Jersey law.

17     192.    Thus, NexusCW is also liable to Holifield and the other New Jersey Class
18 Members for an additional amount equal to 200% of their unpaid wages as liquidated
19 damages. *See* N.J.S.A. 34:11-4.10(c).

20     193.    Finally, Holifield and the other New Jersey Class Members are entitled to
21 recover all reasonable attorneys' fees, costs, and expenses incurred in this action. *See*
22 N.J.S.A. 34:11-4.10(c).

23                              **RELIEF SOUGHT**

24     WHEREFORE, Holifield, individually and on behalf of the other Hourly
25 Recruiters, seeks the following relief:

26          a.    An Order designating this lawsuit as a collective action and
27                authorizing notice to the Hourly Recruiters allowing them to

28

1    join this action by filing a written notice of consent;

2    b.    An Order certifying a class action pursuant to FED. R. CIV.

3    P. 23;

4    c.    An Order appointing Holifield and her counsel to represent

5    the interests of the Hourly Recruiters;

6    d.    An Order finding NexusCW liable to Holifield and the other

7    FLSA Collective Members for all unpaid overtime wages

8    owed under the FLSA, plus liquidated damages in an amount

9    equal to their unpaid wages;

10    e.    An Order finding NexusCW liable to Holifield and the other

11    New Jersey Class Members for unpaid overtime wages owed

12    under the NJWHL, plus liquidated damages in an amount

13    equal to 200% of their unpaid overtime wages;

14    f.    An Order finding NexusCW liable to Holifield and the other

15    New Jersey Class Members for unpaid earned wages owed

16    under the NJWPL, plus liquidated damages in an amount

17    equal to 200% of their unpaid earned wages;

18    g.    A Judgment against NexusCW awarding Holifield and the

19    other Hourly Recruiters all their unpaid earned wages,

20    unpaid overtime wages, liquidated damages, and any other

21    penalties available under the FLSA, NJWHL, and NJWPL;

22    h.    An Order awarding attorneys' fees, costs, and expenses;

23    i.    Pre- and post-judgment interest at the highest applicable

24    rates; and

25    j.    Such other and further relief as may be necessary and

26    appropriate.

27

28

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT & JURY DEMAND
*Holifield v. NexusCW, Inc.*

1   Date: February 23, 2024                                    Respectfully submitted,

2

3                                                              /s/ William M. Hogg
                                                               William M. Hogg (Cal. SBN 338196)
4                                                              Michael A. Josephson*
                                                               Andrew W. Dunlap*
5                                                              JOSEPHSON DUNLAP LLP

6                                                              Richard J. (Rex) Burch*
                                                               BRUCKNER BURCH PLLC
7
                                                               *Pro hac vice applications forthcoming
8
                                                               COUNSEL FOR HOLIFIELD
9                                                              & THE HOURLY RECRUITERS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT & JURY DEMAND
*Holifield v. NexusCW, Inc.*

1

## <u>DEMAND FOR JURY TRIAL</u>

2
       Holifield hereby demands a jury trial on all claims and issues, as she and the other

3
Hourly Recruiters are entitled to a jury.

4
Date: February 23, 2024                          Respectfully submitted,

5

6
                                                 /s/ William M. Hogg

7
                                                 William M. Hogg (Cal. SBN 338196)
                                                 Michael A. Josephson*

8
                                                 Andrew W. Dunlap*
                                                 JOSEPHSON DUNLAP LLP

9
                                                 Richard J. (Rex) Burch*

10
                                                 BRUCKNER BURCH PLLC

11
                                                 *Pro hac vice applications forthcoming

12
                                                 COUNSEL FOR HOLIFIELD
                                                 & THE HOURLY RECRUITERS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT & JURY DEMAND
*Holifield v. NexusCW, Inc.*