1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANDREA HOLIFIELD, individually and        Case No.: 3:24-cv-00353-RBM-MMP
    for others similarly situated,
12                                             **ORDER DENYING DEFENDANT'S**
                                   Plaintiffs,  **MOTION TO TRANSFER VENUE**
13
    v.
14                                             **[Doc. 11]**
    NEXUSCW, INC.,
15
                                   Defendant.
16

17

18       Pending before the Court is Defendant NexusCW, Inc.'s ("Defendant") motion to

19  transfer venue ("Motion").  (Doc. 11-1.)  Plaintiffs Andrea Holifield, Shalom Robertson,[1]

20  and William Johanning,[2] on behalf of a class of similarly situated employees ("the Hourly

21
22
23

---

24  [1] Plaintiff Holifield filed a notice of consent on behalf of Robertson to join this Fair Labor
    Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(3).  (Doc. 3.)
25  Robertson worked for NexusCW in Maryland and Texas.  (Doc. 18 at 16 (citing Doc. 12-
26  3 ¶ 2).)
    [2] Plaintiff Holifield filed a notice of consent on behalf of Johanning to join this FLSA
27  collective action pursuant to 29 U.S.C. § 216(3).  (Doc. 16.)  Johanning worked for
28  NexusCW in Wisconsin.  (Doc. 18 at 16.)

1

Recruiters")[3] (collectively, "Plaintiffs"), filed an opposition to Defendant's Motion ("Opposition"). (Doc. 18.) Defendant filed a reply brief ("Reply"). (Doc. 19.)

In its Motion, Defendant argues this case should be transferred to the District of New Jersey under 28 U.S.C. § 1404(a) because it could have been brought in New Jersey, where Plaintiff Holifield resides and performed all the work at issue. (Doc. 11-1 at 9–11.) Defendant argues that Plaintiff Holifield's forum shopping is not entitled to any weight. (*Id.* at 11–15.) Defendant contends that the convenience of the parties, witnesses, and ease of access to evidence favor transferring the case to the District of New Jersey. (*Id.* at 15–19.) Defendant argues New Jersey's local interest in this case favors transferring the case, but that this Court's familiarity of applicable law and the administrative considerations are neutral in this case. (*Id.* at 19–21.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, Defendant's Motion is **<u>DENIED</u>**.

## I.   BACKGROUND

The factual and legal allegations in Plaintiffs' Complaint that are relevant to resolving this Motion are summarized below.

**A. Defendant NexusCW**

Defendant is a staffing agency that "manage[s] [] contingent workers, including recruiting, payrolling, and HR partnership." (Doc 1. ¶ 45.) Defendant hires recruiters, like Plaintiff Holifield and the other Hourly Recruiters, to staff at its clients across the country. (*Id.* ¶ 46.)

///

---

[3] In Plaintiffs' Original Class & Collective Action Complaint ("Complaint"), they explain that the Hourly Recruiters include all hourly recruiters subject to Defendant's overtime approval policy at any time during the past three years ("FLSA Collective Members") and all hourly recruiters in New Jersey subject to NexusCW's overtime approval policy at any time during the last 6 years prior to the filing of the Complaint until final resolution of this action ("New Jersey Class Members"). (Doc. 1 ¶¶ 27, 29–30.)

**B. Plaintiffs**

Defendant employed Plaintiff Holifield as one of its Hourly Recruiters in New Jersey from January 9 to June 2, 2023. (*Id.* ¶¶ 2, 17, 48.) All Hourly Recruiters were paid hourly. (*Id.* ¶¶ 3, 18, 72.) All Hourly Recruiters were required to report their hours worked to Defendant for approval. (*Id.* ¶ 73.) All Hourly Recruiters regularly worked more than 40 hours per week, but Defendant did not pay them for all hours worked. (*Id.* ¶¶ 4–5, 74–75.) Defendant only paid the Hourly Recruiters for overtime hours that were pre-approved by its management. (*Id.* ¶¶ 6–7, 23, 40–41, 57, 77.) But Defendant refused to provide the Hourly Recruiters the required pre-approval to work overtime. (*Id.* ¶ 78.) Due to the nature of the recruiting industry, the Hourly Recruiters were routinely forced to work "unapproved" overtime "off the clock" to complete their job duties and assignments and Defendant did not pay them for that time. (*Id.* ¶¶ 8–9, 20, 24, 58, 82.)

Such unapproved overtime hours were a fundamental requirement to the Hourly Recruiters' roles as recruiters for Defendant. (*Id.* ¶¶ 87–90.) Yet Defendant required and instructed the Hourly Recruiters to only record that they worked up to 40 hours on their timesheets or it would not approve their timesheets. (*Id.* ¶¶ 79–80.) If the Hourly Recruiters recorded more than 40 hours on their time sheets, Defendant would reprimand and discipline them. (*Id.* ¶ 81.)

**C. NexusCW's Knowledge**

Defendant knew that the Hourly Recruiters work "unapproved" overtime "off the clock." (*Id.* ¶ 92.) Defendant knew that it prohibited the Hourly Recruiters from recording that they worked any overtime hours that they had not obtained Defendant's written pre-approval to work and that Defendant did not provide such pre-approval. (*Id.* ¶¶ 142–43.) The Hourly Recruiters repeatedly complained to Defendant's management or their supervisors concerning such unapproved overtime without pay and their attempts to obtain Defendant's pre-approval to work overtime were unsuccessful. (*Id.* ¶¶ 93–94, 144, 146.) Defendant knew, should have known, or recklessly disregarded whether it failed to pay the Hourly Recruiters for all hours of compensable work performed. (*Id.* ¶ 150.) Defendant

3

knowingly, willfully, or in reckless disregard carried out its illegal overtime approval policy that deprived the Hourly Recruiters of earned wages and overtime wages for all hours worked.  (*Id.* ¶ 155.)

**D. Causes of Action**

**a.  Count One – Failure to Pay Overtime under FLSA (On Behalf of FLSA Collective Members)**

Plaintiffs bring this claim on behalf of the FLSA Collective Members.  (*Id.* ¶ 157.) Defendant violated, and is violating, the FLSA "by employing non-exempt employees (Holifield and the other FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all the hours they worked after 40 in a workweek, including any 'unapproved' overtime hours they worked 'off the clock.'"  (*Id.* ¶ 158.) Because Defendant "knew, or showed reckless disregard for whether, its overtime approval policy violated the FLSA, NexusCW owes these wages for at least the past 3 years."  (*Id.* ¶ 161.)

**b.  Count Two – Failure to Pay Overtime Wages under the New Jersey Wage and Hour Law (On Behalf of New Jersey Class Members)**

Plaintiff Holifield brings this claim under the New Jersey Wage and Hour Law ("NJWHL") on behalf of herself and the other New Jersey Class Members.  (*Id.* ¶ 165.) Defendant "violated, and is violating, the NJWHL by employing non-exempt employees (Holifield and the other New Jersey Class Members) for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek, including any 'unapproved' overtime hours they worked 'off the clock.'"  (*Id.* ¶ 171 (citing N.J.S.A. 34:11-56a4(b).)

**c.  Count Three – Failure to Pay Earned Wages Under the New Jersey Wage Payment Law (On Behalf of New Jersey Class Members)**

Plaintiff Holifield brings this claim under the New Jersey Wage Payment Law ("NJWPL") on behalf of herself and the other New Jersey Class Members.  (*Id.* ¶ 178.)

4

3:24-cv-00353-RBM-MMP

Defendant "violated, and is violating, the NJWPL by knowingly failing to pay Holifield and the other Hourly Recruiters the full amount of wages these employees earned (at their agreed rates) for all the hours of work they performed, including any 'unapproved' overtime hours they worked 'off the clock.'"  (*Id.* ¶ 186 (citing N.J.S.A. 34:11-4.2).)

**E. Jurisdiction and Venue**

Plaintiff alleges this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).  (*Id.* ¶ 13.)  Plaintiff alleges this Court has general personal jurisdiction over Defendant because Defendant is a California corporation and venue is proper in this district because Defendant is headquartered and has its principal place of business in San Diego, California.  (*Id.* ¶¶ 15–16, 31–32.)

## II.   LEGAL STANDARD

Subdivision (a) of section 1404 of title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C.A. § 1404(a) (West); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988) (the district court has broad discretion to transfer a case to another district where venue is also proper); *Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("[w]eighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the judge").

"District courts employ a two-step framework to resolve a transfer motion.  A court first asks whether the plaintiff could have originally brought the action in the proposed transferee forum.  If the action could have been brought there, then the court weighs a number of case-specific factors based in convenience and fairness." *Greenley v. Kochava*, *Inc.*, 684 F. Supp. 3d 1024, 1041 (S.D. Cal. 2023) (internal quotation marks and citations omitted).  "When reviewing a § 1404(a) motion to transfer venue, a court may consider evidence outside of the pleadings but must draw all reasonable inferences and resolve

5

factual conflicts in favor of the non-moving party." *Hamer v. JP Morgan Chase Long-Term Disability Benefit Plan*, Case No. 22-cv-06886-LB, 2023 WL 4053801, at *5 (N.D. Cal. June 16, 2023) (citations omitted).

"Once the Court has determined that this matter could have been brought in the proposed venue, it examines a number of different factors, including (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the convenience of the parties; (4) ease of access to evidence; (5) familiarity of each forum with the applicable law; (6) local interest in the controversy; and (7) the relative court congestion and time of trial in each forum." *Romoff v. Johnson & Johnson Consumer Inc.*, Case No. 22cv75-LL-WVG, 2022 WL 3905301, at *2 (S.D. Cal. Aug. 26, 2022) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000)).

## III.   DISCUSSION

### A. Availability of Alternative Forum

Plaintiffs argue that they could not have originally brought this nationwide FLSA collective action in New Jersey because the District of New Jersey would not have specific jurisdiction over out-of-state plaintiffs' claims because they do not arise out of or relate to Defendant's minimal contacts with New Jersey.  (Doc. 18 at 8–11.)  Defendant responds the Court, Plaintiff Holifield, and her counsel owe a duty to the absent class members of the New Jersey Class and Plaintiff Holifield and her counsel are disregarding that duty. (Doc. 19 at 2–7.)

"In determining whether an action 'might have been brought' in a district, the court looks to whether the action initially could have been commenced in that district." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  "The phrase where an action 'could have been brought' is interpreted to mean that the proposed transferee court would have subject matter jurisdiction, proper venue, and personal jurisdiction." *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12cv911-IEG (WMC), 2012 WL 2068728, at *2 (S.D. Cal. June 8, 2012) (citing A.*J. Industries, Inc. v. U.S. District Court*

*for Central Dist. of Cal.*, 503 F.2d 384, 386–88 (9th Cir. 1974) and S*hapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 779–81 (9th Cir. 1950)).

### 1.   Subject Matter Jurisdiction and Venue

Any federal district court, including the District of New Jersey, would have original subject matter jurisdiction over this action due to Plaintiff's FLSA claim.  *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971–72 (9th Cir. 2019) ("[A] federally created claim for relief is generally a sufficient condition for federal-question jurisdiction.  The FLSA provides such a claim for aggrieved employees to sue to recover unpaid minimum wages or unpaid overtime compensation, either individually or collectively.") (internal quotation marks and citations omitted).  Venue would also be proper in the District of New Jersey as a substantial part of the events, at least pertaining to Plaintiff Holifield and the New Jersey Class Members, occurred there.  *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in … (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

### 2.   Personal Jurisdiction

However, the more complicated question is whether the District of New Jersey would have personal jurisdiction over this nationwide FLSA collective action.  In *Fischer v. Fed. Express Corp.*, a Pennsylvania plaintiff brought a nationwide collective action under the FLSA against Federal Express Corp. ("FedEx") in the Eastern District of Pennsylvania.  42 F.4th 366, 370 (3d Cir. 2022).  The district court did not allow two opt-in plaintiffs from Maryland and New York to join the suit because it lacked specific personal jurisdiction over FedEx with respect to their claims.  *Id.*  The Third Circuit explained specific personal jurisdiction over a corporation exists where the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum."  *Id.* at 372 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017)).  The Third Circuit held that "where the basis of personal jurisdiction in an FLSA collective action in a federal court is specific personal jurisdiction established

by serving process according to Federal Rule of Civil Procedure 4(k)(1)(A), every plaintiff who seeks to opt in to the suit must demonstrate his or her claim arises out of or relates to the defendant's minimum contacts with the forum state." *Id.* at 370.

The Third Circuit also explained that general personal jurisdiction over a corporation "is only proper in states where the corporation is fairly regarded as 'at home,' which generally is restricted to the corporation's state of incorporation or the state of its principal place of business." *Id.* at 383 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). The Third Circuit concluded that, because the defendant was not "at home" in Pennsylvania for general jurisdiction,[4] and the out-of-state opt-in plaintiffs' claims were not connected to FedEx's activities in Pennsylvania for specific jurisdiction, the district court correctly found it lacked personal jurisdiction over the nationwide FLSA collective action. *See id.* at 383–85. However, the Third Circuit noted that "potential plaintiffs retain the ability to bring nationwide collective actions in a court that can exercise general personal jurisdiction over their employer." *Id.* at 388.

In *Fogg v. Clean Harbors Env't Servs., Inc.*, two New Jersey named plaintiffs brought a nationwide FLSA collective action against the defendant for various failures to pay for all hours worked. Civ. No. 21-7626 (KM) (JBC), 2023 WL 1794836, at *1 (D.N.J. Feb. 7, 2023). The plaintiffs moved for conditional certification of a nationwide collective action and the defendant argued, in part, that the district court could not certify a nationwide collective action because it lacked general jurisdiction over the defendant. *Id.* at *4. Applying *Fischer*, the district court concluded it could not certify a nationwide collective action because it did not have general jurisdiction over the defendant and there was no allegation or evidence that out-of-state employees' claims arose out of or related to the defendant's minimal contacts with New Jersey to establish specific jurisdiction over their claims. *Id.* at *5. Thus, the district court only granted conditional certification as to a

---

[4] FedEx is incorporated in Delaware and has its principal place of business in Tennessee. *Id.* at 383.

8

collective action of all opt-in plaintiffs who worked for the defendant in New Jersey. *Id.* at *6.

Here, Defendant is "at home" in California because it is incorporated here and has its principal place of business in San Diego. (*See* Doc. 1 ¶¶ 31–32.) Thus, this Court has general jurisdiction over Defendant. *See Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023) ("For a corporate defendant, general jurisdiction is paradigmatically appropriate in the state in which the entity is incorporated or where it maintains its principal place of business."). However, the District of New Jersey does not have general jurisdiction over Defendant. *See Fischer*, 42 F.4th at 383–85, 388; *Fogg*, 2023 WL 1794836, at *5. Additionally, neither party has argued the out-of-state opt-in plaintiffs, including Robertson and Johanning's claims, arise out of or relate to Defendant's minimum contacts with New Jersey to establish specific jurisdiction over their claims. *See Fischer*, 42 F.4th at 383–85, 388; *Fogg*, 2023 WL 1794836, at *5. Thus, this nationwide collective action against Defendant could not have been brought in the District of New Jersey and was properly brought in this district.

**B. Remaining Arguments**

Defendant argues that Plaintiff Holifield and her counsel are violating their duty to absent class members of the New Jersey Class by maintaining this action in California. (Doc. 19 at 2–7.) However, no matter what the Court's analysis is of the question of whether Plaintiff Holifield is violating her duty to absent class members in New Jersey, it could not change this Court's conclusion on the first transfer prong. Specifically, that a nationwide collective action against Defendant could not have been brought in the District of New Jersey. Accordingly, the Court declines to address Defendant's arguments concerning absent class members at this time.

Additionally, in light of the Court's conclusion that this nationwide collective action could not have been brought against Defendant in the District of New Jersey, the Court need not consider the parties' remaining arguments concerning the transfer factors. *See Health Freedom Def. Fund, Inc. v. US Freedom Flyers, Inc.*, Case No. 4:23-CV-00380-

9

AKB, 2024 WL 3332768, at *3 (D. Idaho July 2, 2024) (declining to address transfer factors where defendants failed to demonstrate the action could have been brought in the transferee district) (citations omitted); *Hicks v. Ass'n of Apartment Owners of Makaha Valley Plantation*, Civil No. 14-00254 HG-BMK, 2014 WL 6674561, at *2 (D. Haw. Nov. 24, 2014) ("The Court need not reach the second inquiry under 28 U.S.C. § 1404 if the transferee court is one in which the action could not have been brought.").

### IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 11) is **<u>DENIED</u>**.

**IT IS SO ORDERED**.

DATE:  August 20, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

10